IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3097-BO

FERNANDO BUSTILLO,
    Plaintiff,

v.

ART BEELER, et al.,
    Defendants.

O R D E R

Plaintiff is a federal inmate who filed this action for events occurring while in custody at the Federal Medical Center at Butner, North Carolina, ("FMC-Butner") for civil rights violations pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On March 18, 2010, the court entered an order denying the motion to dismiss the claims about legal and personal mail, its opening, and alleged destruction along with the retaliation claim. (D.E. # 32) The court also denied the motion to dismiss as to the medical claims. Defendant Bah was dismissed from the suit. Id. ("As a commissioned officer in the Public Health Service ("PHS") when treating Bustillo, he asserted and is entitled to absolute immunity."); see 42 U.S.C. § 233(a); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1-2 (E.D.N.C. Mar. 21, 2003); see generally United States v. Smith, 499 U.S. 160, 170 n.11 (1990) (discussing absolute immunity provided to commissioned PHS officers by 42 U.S.C. § 233(a)).

Defendants are before the court with a motion for summary judgment. (D.E. # 40) Plaintiff has responded. (see D.E. # 43, # 44, # 46, # 47, and # 49) The summary judgmnet motion, along with several other outstanding motions, are ripe for determination.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading. Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-587.

First, the court shall address the summary judgment motion for failure to exhaust. Bustillo was given notice of the non-exhaustion defense. It is well established that a plaintiff seeking to redress prison conditions must first exhaust all available administrative remedies. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 740-41 (2001). The Federal Bureau of Prisons ("BOP") maintains a three-step procedure for processing inmate grievances. The inmate must first direct his complaint to the warden of his institution through a written administrative remedy request. 28 C.F.R §§ 542.12, 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the regional director. 28 C.F.R. § 542.15(a). Lastly, the inmate may appeal to the office of general counsel in

2

Washington, D.C. 28 C.F.R. 542.15. Each step of the process has its own time limits and procedural instructions, and inmates are required to adhere to them.

In support of their motion, defendants provided the affidavit of Lynnell Cox, who is employed as a paralegal specialist at the Federal Correctional Complex in Butner, North Carolina. (Decl. Cox ¶ 1) Two of the issues Bustillo raised in his complaint were properly presented to, and considered by, each level of review in the Administrative Remedy Program prior to the filing of his complaint. (Id. ¶ 14 - 24) The first properly exhausted claim relates to plaintiff's claim of the denied proper medical care following his surgery in April 2007. (Id., at ¶ 14-18.) The second properly exhausted claim relates to plaintiff's allegations that his surgery in April 2007, was "botched" and Bustillo has been denied medical care to repair it. (Id., at ¶19-23).

Lynnell Cox states and supports with documentation that plaintiff has failed to exhaust his administrative remedies with respect to his claims about legal and personal mail and retaliation therefrom in his complaint. (Id., at ¶ 23-33).

Bustillo did raise allegations regarding "legal and social mail in several Administrative Remedy cases. (Id. ¶ 25) However, the grievances were not done properly and Bustillo was instructed on how to properly proceed. The record shows that one case was filed directly to the regional office on September 6, 2007, and was rejected for not having been filed at the institutional level first. (Id. ¶ 26) Bustillo appealed the rejection to the central office, and the appeal was rejected for the same reason. (Id.)

3

Bustillo filed a second case directly to the regional office on September 17, 2007, which was again rejected for not having first been filed properly at the institutional level. (Id. ¶ 27) The appeal was likewise rejected. (Id.)

Bustillo filed another case on November 6, 2007, but withdrew the grievance after it was "administratively settled." (Id. at ¶ 28)

On January 11, 2008, Bustillo filed a case directly to the Regional Office which was rejected for containing a second unrelated issue and because it was not first filed at the institution level. (Id ¶ 29) The appeal was likewise rejected, and the appeal directed him to file at the institution. (Id.) Bustillo re-filed regional and central office appeals on the same issues which were again rejected with instruction on filing separate grievances at the institutional level fist as required by the regulations. (Id. ¶ 29)

Plaintiff has failed to exhaust his administrative remedies about his legal and personal mail and retaliation therefrom under 42 U.S.C. § 1997e(a), and the claims are dismissed without prejudice.

Secondly, the court turns to the properly exhausted deliberate indifference to serious medical condition claims. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). In order to prove such a claim, Bustillo "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). In cases involving the denial of or the delay in providing medical treatment to a prisoner, the prison official must know of and disregard an objectively serious condition, medical need, or risk

4

of harm. See, e.g., id.; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir.1986). Further, disagreement with medical staff over the course of treatment is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06. The court can rely on the medical affidavits and prison medical records in ruling on a motion for summary judgment on this issue. See generally, Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998); Marshall v. Odom, 156 F. Supp. 2d 525, 530 (D. Md. 2001); Bennett v. Reed, 534 F. Supp. 83, 86 (E.D.N.C. 1981), aff'd, 676 F.2d 690 (4th Cir. 1982).

Defendant asserts qualified immunity. Government officials are entitled to qualified immunity from civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Fourth Circuit has recognized a two-pronged qualified immunity inquiry. First, the court must "decide whether a constitutional right would have been violated on the facts alleged." Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003). Second, assuming the right is violated, "courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." Id. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, ___ U.S.___, 129 S. Ct. 808 (2009). A court has discretion to decide which step in the two-prong test to analyze first. Pearson, 129 S. Ct. at 821.

5

Here Bustillo argues that he has suffered from the medical care he has received. It appears that Bustillo suffers from serious medical conditions such as rectal cancer. However, the summary judgment materials and memorandum in support are not complete. In fact, defendants do no provide medical records, but a medical transfer record. Neither have defendants provided affidavits explaining the medical care undertaken. The transfer records do not appear to show any aftercare or follow up stated as necessary in the "transfer record." The government's memorandum in support of the motion for summary judgment is three paragraph and directs the court to "the records," which are 13 pages of medical transfer records in support of the motion for summary judgement. Specifically, the government states "[p]laintiff has been and continues to be the beneficiary of massive amounts of medical care." The motion is denied on the incomplete record before the court.

Lastly, plaintiff has filed a motion for a preliminary injunction (D.E. # 36, # 38, and # 47). The motion for preliminary injunction or temporary restraining order ("TRO") is denied. A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592

F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motion for a TRO and a preliminary injunction (D.E. # 36, # 38 and # 47) is denied.

Accordingly, the motion for summary judgment (D.E. # 40) is DENIED in part and GRANTED in part. All claims, with the exception of the medical claims, are DISMISSED without prejudice for failure to exhaust. Summary judgment as to the medical claims is DENIED. Defendants shall be allowed 30 days from the filing of this order to file a second summary judgment motion. Thereafter, plaintiff shall be given 20 days to respond. The motion to vacate the order for an extension of time is DENIED (D.E. # 46). Lastly, the motion for preliminary injunction (D.E. # 36), motion for leave to amend the motion for preliminary injunction (D.E. # 38), and the motion to amend for preliminary injunction (D.E. # 47) are DENIED.

SO ORDERED, this the 25 day of March 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7