IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3097-BO

| | |
|---|---|
| FERNANDO BUSTILLO, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ART BEELER, et al., )<br>Defendants. ) | O R D E R |

Plaintiff is a federal inmate who filed this action for events occurring while in custody at the Federal Medical Center at Butner, North Carolina, ("FMC-Butner") for civil rights violations pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On March 18, 2010, the court entered an order denying the motion to dismiss the claims about legal and personal mail, its opening, and alleged destruction along with the retaliation claim. (D.E. # 32) The court also denied the motion to dismiss as to the medical claims. Defendant Bah was dismissed from the suit. Id. ("As a commissioned officer in the Public Health Service ("PHS") when treating Bustillo, he asserted and is entitled to absolute immunity."); see 42 U.S.C. § 233(a); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1-2 (E.D.N.C. Mar. 21, 2003); see generally United States v. Smith, 499 U.S. 160, 170 n.11 (1990) (discussing absolute immunity provided to commissioned PHS officers by 42 U.S.C. § 233(a)). On March 28, 2011, the court granted in part and denied in part defendants' first motion for summary judgment. (D.E. # 50) Defendants are again before the court with a motion for summary judgment. (D.E. # 55)

It is the responsibility of the party seeking summary judgment to present to the court the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Litigants may not thrust upon the court the burden of combing through the record to make a case on their behalf." Reynolds v. Northern Neck Regional Jail Authority, et al., 2009 WL 1323224 (E.D. Va. May 11, 2009) (citing Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.1994) (" 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'") (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n. 7 (5th Cir.1992))). Furthermore, the Local Rules for the Eastern District of North Carolina require the supporting memorandum to contain "a concise statement of the facts that pertain to the matter before the court for ruling." Local Rule 7.2(a)(2).

Defendants' brief in support of the motion for summary judgment is 5 pages long. The government's argument that the case should be dismissed is as follows:

> In this case, there is no evidence that defendants disregarded Plaintiff's medical needs. To the contrary, the declarations of Drs. Serrano-Mercado and Walasin, M.D. (shows Plaintiff was receiving constant and appropriate care, by appropriate providers, with access to resources to care for Plaintiff's condition. See attached 1, 2; see also Parker v. United States, 197 F. App'x 171, 174-75 (3rd Cir. 2006) (summary judgment in favor of defendant appropriate when plaintiff repeatedly stated his request for medical treatment had been ignored, but evidence showed that defendant, in fact, had provided medical treatment). As the record shows, Plaintiff has been and continues to be the beneficiary of massive amounts of medical care. Therefore, defendants, as a matter of law, were not deliberately indifferent to plaintiff's medical needs and they are entitled to summary judgment.

(D.E. # 56, Mem in Supp., p. 4 and 5)

For the factual outline of the case, defendants state:

2

> Plaintiff was admitted to the Federal Medical Center at Butner on November 8, 2006. Shortly thereafter, on April 3, 2007, Plaintiff underwent an abdominoperineal resection for colorectal cancer at Durham Regional Hospital. On April 10, 2007, Plaintiff was discharged and returned to the Federal Medical Center where he was admitted to an inpatient nursing unit for post operative care. On April 16, 2007, Plaintiff was discharged to his housing unit.

(D.E. # 56, Mem in Supp., p. 3) The brief does not specifically cite to portions of the record to support its argument. The brief does not support its conclusion of law, or even explain the nature of plaintiff's claim. While the declaration of Dr. Serrano-Mercado sets out some of the medical care, there is no explanation in the memorandum of law for the standard of care he received after surgery, the reason for the hernia, or his prognosis as a result of the cancer treatment. There is no discussion of the relationship between the two, or an overall discussion of plaintiff's medical condition. The attached record is approximately 66 pages in length. In a previous order, the court held that

> Here Bustillo argues that he has suffered from the medical care he has received. It appears that Bustillo suffers from serious medical conditions such as rectal cancer. However, the summary judgment materials and memorandum in support are not complete. In fact, defendants do no provide medical records, but a medical transfer record. Neither have defendants provided affidavits explaining the medical care undertaken. The transfer records do not appear to show any aftercare or follow up stated as necessary in the "transfer record." The government's memorandum in support of the motion for summary judgment is three paragraph and directs the court to "the records," which are 13 pages of medical transfer records in support of the motion for summary judgement. Specifically, the government states "[p]laintiff has been and continues to be the beneficiary of massive amounts of medical care." The motion is denied on the incomplete record before the court.

(Order, D.E. # 50, p. 6)

Again, defendants direct the court to the record without a road map or factual outline of the medical care plaintiff has been given and its constitutional viability. As held in Reynolds, "Counsel for Defendants has failed to comply with either the letter or the spirit of Rule 56 of the

Federal Rules of Civil Procedure, and the Court declines to extend to Defendants the indulgence afforded pro se litigants." Reynolds, 2009 WL 1323224 (E.D. Va. 2009). Accordingly, Defendants' motion for summary judgment (D.E. # 55)) is DENIED WITHOUT PREJUDICE to resubmit in a proper manner. The government is ALLOWED 14 days to comply, and plaintiff is allowed 10 days thereafter to respond.

SO ORDERED, this the _15_ day of August 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4