IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3097-BO

| | | |
|---|---|---|
| FERNANDO BUSTILLO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ART BEELER, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a federal inmate who filed this action for events occurring while in custody at the Federal Medical Center at Butner, North Carolina, ("FMC-Butner") for civil rights violations pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On March 18, 2010, the court entered an order denying the motion to dismiss the claims about legal and personal mail, its opening, and alleged destruction along with the retaliation claim. (D.E. # 32) The court also denied the motion to dismiss as to the medical claims. Id. Defendant Bah was dismissed from the suit. Id. ("As a commissioned officer in the Public Health Service ("PHS") when treating Bustillo, he asserted and is entitled to absolute immunity."); see 42 U.S.C. § 233(a); Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1-2 (E.D.N.C. Mar. 21, 2003); see generally United States v. Smith, 499 U.S. 160, 170 n.11 (1990) (discussing absolute immunity provided to commissioned PHS officers by 42 U.S.C. § 233(a)). On March 28, 2011, the court, granted in part and denied in part, defendants' first motion for summary judgment. (D.E. # 50) Defendants next summary judgment was also denied without prejudice. (D.E. # 60)

Now before the court is defendants' motion for summary judgment (D.E. # 61). Plaintiff also has pending motions before the court: two motions to vacate (D.E. # 51 and # 54), a motion for discovery (D.E. # 58), and a motion to compel (D.E. # 65). The motions are ripe for determination.

The court concludes this matter pursuant to Fed. R. Civ. P. 56(d).[1] "As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Under Rule 56(d), a court may delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); Nader v. Blair, 549 F.3d 953, 961-62 (4th Cir. 2008); White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004). "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, No. DKC 08-2586, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is

---

[1] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) was previously codified as Rule 56(f). See Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amend. ("The standard for granting summary judgment remains unchanged . . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."); see also Order Amending Fed. R. Civ. P. (U.S. Apr. 28, 2010) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."); Merchant v. Prince George's County MD, No. 10-1268, 2011 WL 2451528, at *1 (4th Cir. June 21, 2011) ("Rule 56(d) . . . carries forward without substantial change the provisions of former subsection (f).") (per curiam) (unpublished).

necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.' " Scott v. Nuvell Fin. Servs., No. JFM-09-3110, 2011 WL 2222307, *4 (D. Md. June 7, 2011). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995). In the instant case, plaintiff states that his entire case file has been confiscated by the prison officials. Thus, he is not in possession of any records or filings (D.E. # 65). It appears to the court, the medical records provided through the summary judgment motion are the proper discovery for plaintiff to possess for preparation of his response. Therefore, plaintiff is entitled to that discovery.

Accordingly, the motion for discovery (D.E. # 58) is ALLOWED in that the government is ORDERED to re-serve its motion for summary judgment with all attachments and declarations within 10 calender days of this order. The ruling on the motion for summary judgment is delayed until plaintiff is in possession of the summary judgment materials (D.E. # 61). Plaintiff is given until January 13, 2012, to file his response to the pending summary judgment motion (D.E. # 61 and 62). Plaintiff's motions to vacate are DENIED (D.E. # 51 and # 54). Lastly, his motion to compel (D.E. # 65) is DENIED as MOOT after having ordered the government to re-serve plaintiff with the summary judgment motion, memorandum, and all associated discovery.

SO ORDERED, this the _30_ day of November 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3